# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINTON PINDER, | : | |
|    Petitioner | : | No. 1:20-cv-01566 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : | |
|    Respondents. | : | |

## **MEMORANDUM OPINION**

**I. BACKGROUND**

Presently before the Court is the petition for writ of habeas corpus of Petitioner Linton Pinder filed pursuant to 28 U.S.C. § 2241 in which he challenges his immigration detention. (Doc. 1.) The Court issued an order to show cause, directing the Respondent to file an answer regarding Petitioner's claims. (Doc. 3.) Respondent filed an answer arguing that Petitioner was lawfully detained under 8 U.S.C. §. 1231 as he was within the ninety-day mandatory post-final removal order period. (Doc. 6). Two weeks later, Respondent filed a suggestion of mootness advising that Petitioner had been removed from the United States. (Doc. 7.) For the reasons that follow, the Court will deny the petition as moot.

**II. DISCUSSION**

In light of the action recently taken by immigration officials in removing Petitioner from the United States, this case is now moot and must be dismissed.

1

According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). In the context of habeas corpus petitions, mootness questions frequently turn on straightforward factual issues. Thus,

> a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*DeFoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005) (internal citations omitted).

The mootness doctrine applies with particular force to habeas petitions filed in immigration matters. In the context of federal habeas corpus petitions brought by immigration detainees, the deportation or removal of an alien renders an immigration habeas petition moot. *See Lindaastuty v. Attorney General*, 186 F. App'x 294 (3d Cir. 2006). As the United States Court of Appeals for the Third Circuit stated in *Lindaastuty* when confronted with the same situation, "because [the petitioner] has

2

already been deported and is, therefore, no longer in custody, the challenge to her detention is moot and the habeas petition must be dismissed." *Id.* at 298.

Although the *Lindaastuty* decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." *Drinker v. Colonial Sch. Dist.*, 78 F.3d 859, 864 n.12 (3d Cir. 1996). The Court agrees with the reasoning in *Lindaastuty* and concludes that since Petitioner has been removed "and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed." *Lindaastuty*, 186 F. App'x at 298.

## III. CONCLUSION

For the foregoing reasons, the Court will deny the petition as moot. An appropriate Order follows.

S/Sylvia H. Rambo
United States District Judge

Dated: July 13, 2021

3